[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION RE: HEARING IN DAMAGES ASSIGNMENT (#173)
A review of the file reveals that on December 5, 1994 the court (Freedman J.) entered a default against these defendants by agreement for failure to comply with orders of discovery. P.B. § 17-36 (then § 369) requires that these defendants be given notice of entry of default either in person to the defendants directly or to the defendants' attorney, or by mail. This in turn triggers the running of the ten day period for filing the Notice of Defenses pursuant to § 17-34. Irrespective of whether these defendants received notice of default back in 1994, their attorney certainly received notice from the court on April 3, 1998 at the call of the Hearing In Damages calendar. That ten day period has passed and therefore the defendants are precluded from filing a Notice of Defenses. Therefore, in the absence of a finding of good cause, the defendants are precluded from contesting the issues except as to the amount of damages. Accordingly, this court's order of April 3, 1998 is vacated and the case is ordered reinstated on the next Hearing In Damages calendar.
MOTTOLESE, JUDGE